IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

MAY 17 2010

James N. Hatten, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| FREDA STAPLES, FOR THE WRONGFUL DEATH OF HER HUSBAND, BILLY MITCHELL, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 3 10-CV-0579-TC |
| JAMES B. WHITE, M.D. , MARVIN W. REID, M.D. AND TANNER MEDICAL CENTER, INC. | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1.

The Court, pursuant to 28 U.S.C. § 1332, has diversity jurisdiction because complete diversity exists between Plaintiff and all three defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Court has personal jurisdiction over all defendants because they reside in this judicial district.

2.

Venue is proper in this judicial district because Defendants reside in this judicial district and all of Defendants' tortious conduct giving rise to Plaintiff's wrongful death claims occurred in this judicial district.

## PARTIES

3.

Plaintiff Freda Staples ("Ms. Staples") is the widow of Billy Mitchell ("Mr. Mitchell"). Ms. Staples currently is and, at all material times, has been a citizen of the State of Alabama and is not a citizen of the State of Georgia.

4.

Defendant Tanner Medical Center, Inc. ("TMC") is a non-profit corporation organized, existing under the laws of the State of Georgia, that operates several hospitals, and with its headquarters in Carrollton, Georgia. Defendant TMC is a citizen of the State of Georgia and is not a citizen of the State of Alabama.

5.

Defendant James B. White, M.D. ("Defendant White"), a physician licensed by the State of Georgia to practice medicine, at all material times, was an employee of Defendant TMC. Defendant White is a citizen of the State of Georgia and is not a citizen of the State of Alabama.

6.

Defendant Marvin W. Reid, M.D. ("Defendant Reid"), a physician licensed

by the State of Georgia to practice medicine, at all material times, was an

employee of Defendant TMC.  Defendant Reid is a citizen of the State of Georgia

and is not a citizen of the State of Alabama.

## COUNT ONE

## DEFENDANTS' NEGLIGENT CONDUCT

7.

Ms. Staples reincorporates paragraphs "1" through "6" as if stated herein.

8.

All of Defendant White's tortious acts addressed by this complaint were

performed as Defendant TMC's employee and within the scope of his duties as

Defendant TMC's employee.

9.

All of Defendant Reid's tortious acts addressed by this complaint were

performed as Defendant TMC's employee and within the scope of his duties as

Defendant TMC's employee.

10.

Defendants White and Reid, June 29, 2009, intubated Mr. Mitchell while he was a patient at Defendant TMC's hospital located in Bremen, Georgia.

11.

Mr. Mitchell, when Defendants intubated him, was not fully alert.

12.

Mr. Mitchell, when Defendants White and Reid intubated him, was unable to fully protect himself.

13.

Defendants White and Reid, June 29, 2009, placed Mr. Mitchell on positive pressure ventilation ("BiPAP") in the absence of ongoing nasogastric or orogastric suction.

14.

Mr. Mitchell's belly, when Defendants White and Reid placed him on BiPAP, was grossly distended.

15.

Mr. Mitchell's belly was grossly distended from a probable anatomic leak.

16.

Defendants White and Reid, by placing Mr. Mitchell on BiPAP, caused a

progressive distention of Mr. Mitchell's already grossly distended belly.

17.

Mr. Mitchell, at all times, was to be maintained in semi-prone position with

his head at an angle of at least 30 degrees.

18.

Defendants White and Reid removed Mr. Mitchell's oral gastric tube.

19.

Defendants TMC's x-ray technician ("Technician"), after the removal of

Mr. Mitchell's oral gastric tube, laid Mr. Mitchell flat for a KUB.

20.

Mr. Mitchell, after Defendant TMC's Technician laid him flat, aspirated

gastric fluid (hydrochloric acid).

21.

The gastric fluid that Mr: Mitchell aspirated went into his lungs because he

had been laid flat by Defendant TMC's Technician for the KUB.

22.

Mr. Mitchell, when the aspirated gastric fluid went into his lungs, died from a respiratory arrest.

23.

Defendants White and Reid materially deviated from and breached the Standard of Care, June 29, 2009, by extubating Mr. Mitchell, who was not fully alert and not able to fully protect his airway, and placing him on positive pressure ventilation (BiPAP) in the absence of ongoing nasogastric or orogastric intermittent suction, leading to progressive distention of an already grossly distended belly from a probable anatomic leak.

24.

Defendants had a duty to comply with the Standard of Care for physicians.

25.

Defendants White and Reid breached the Standard of Care by extubating Mr. Mitchell, while he had a grossly distended belly, virtually guaranteed that Mr. Mitchell would aspirate gastric fluid.

-6-

26.

Defendant TMC's Technician materially deviated from and breached the Standard of Care by laying Mr. Mitchell down flat for a KUB.

27.

The Standard of Care required Defendant TMC's Technician to perform the KUB with Mr. Mitchell in a semi-prone position with his head at least at a 30 degree angle.

28.

Defendants' material deviations from and breaches of the Standard of Care caused Mr. Mitchell's respiratory arrest.

29.

Defendants' material deviations from and breaches of the Standard of Care caused Mr. Mitchell's death.

30.

Mr. Mitchell's death, caused by Defendants' material deviations from and breaches of the Standard of Care, was reasonably foreseeable.

-7-

31.

Defendant TMC, under the doctrine of respondeat superior, is liable for the
tortious acts of Defendants White, Reid and its Technician.

32.

Steven M. Brown, M.D., F.C.P, F.C.C.P.'s affidavit, in support of Ms.

Staples' complaint, is attached as Exhibit "A."

Wherefore, Ms. Staples requests the Court to enter a judgment against

Defendants:

- (A) Awarding Ms. Staples compensatory damages in an amount to be
determined by the jury;

- (B) Awarding Ms. Staples all allowable costs of litigation; and

- (C) Awarding Ms. Staples whatever other relief the Court deems just and
proper.

33.

Ms. Staples demands a jury trial.

-8-

**GARY BUNCH, P.C.**

By: _____

Gary Bunch
Georgia Bar Number 094612
Attorney for Plaintiff Freda Staples

309 Bankhead Avenue
Carrollton, Georgia 30117
(770) 836-0405

May 7, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **Freda Staples, for the wrongful death of her husband, Billy Mitchell,** ) ) ) | |
| ) | **CIVIL ACTION FILE** |
| ) | **NO.:** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **James B. White, M.D. Marvin W. Reid, M.D. and Tanner Medical Center, Inc.** ) ) ) | |
| ) | |
| **Defendants.** ) | |

## AFFIDAVIT

I, Steven M. Brown, M.D., F.C.P, F.C.C.P., after being duly sworn, upon

personal knowledge, state:

1.

I am over 18 years of age and legally qualified to give this affidavit.

2.

I received a B.A. degree, during 1977, from Princeton University.

EXHIBIT "A"

3.

I received an M.D. degree, during 1981, from Yale University School of Medicine.

4.

I did my internship and residency training, during 1981-1984, at Northwestern University, McGraw Medical Center.

5.

I had a Fellowship, during 1984-1986, in pulmonary medicine at New York Medical Center.

6.

I have practiced medicine continuously since my Fellowship.

7.

I am a Fellow of the American College of Chest Physicians.

8.

I am a Fellow of American College of Physicians.

9.

I am Board Certified in internal medicine.

10.

I am Board Certified in pulmonary medicine.

11.

I am a Diplomate of the National Board of Medical Examiners.

12.

I am a Diplomate of the American Board of Internal Medicine.

13.

I am licensed to practice medicine by the following states:   California,

Connecticut, Indiana, Iowa, Michigan, North Dakota, Pennsylvania, Wisconsin and

Wyoming.

14.

I am on the staff of several hospitals and nursing homes.

15.

I have authored 19 articles that have been published by peer reviewed

medical journals.

16.

I have reviewed the certified medical records from Tanner Medical Center,

Inc. ("TMC") for Billy Mitchell ("Mr. Mitchell").

−3−

17.

In my professional opinion, James B. White, M.D. ("Dr. White") and Marvin W. Reid, M.D. ("Dr. Reid") materially deviated from and breached the standard of care, June 29, 2009, by extubating Mr. Mitchell, who was not fully alert and not able to fully protect his airway, and placing him on positive pressure ventilation (BiPAP) in the absence of ongoing nasogastric or orogastric intermittent suction, leading to progressive distention of an already grossly distended belly from a probable anatomic leak.

18.

In my professional opinion, Dr. White and Dr. Reid, by extubating Mr. Mitchell while he had a grossly distended belly, virtually guaranteed that Mr. Mitchell would aspirate gastric fluid (hydrochloric acid).

19.

In my professional opinion, TMC's x-ray technician ("Technician") materially deviated from and breached the standard of care, after Dr. White and Dr. Reid had removed Mr. Mitchell's oral gastric tube, by laying Mr. Mitchell down flat for a KUB.

–4–

20.

In my professional opinion, the standard of care required the Technician to perform the KUB with Mr. Mitchell in a semi-prone position with his head at least at a 30 degree angle.

21.

In my professional opinion, the material deviations from and breaches of the standard of care, by Dr. White, Dr. Reid and the Technician, caused Mr. Mitchell's respiratory arrest when he aspirated gastric fluid and the aspirated gastric fluid went into his lungs because he had been laid flat for the KUB rather than at an angle of at least 30 degrees.

22.

In my professional opinion, Dr. White, Dr. Reid and the Technician caused Mr. Mitchell's death, which resulted from his respiratory arrest.

23.

My professional opinions set forth in this affidavit are based upon a reasonable degree of medical certainty and probability.

24.

My professional opinions set forth in this affidavit are based upon my

medical education, training and experience as well as my review of Mr. Mitchell's

medical records.

Steven M. Brown, M.D., F.C.P, F.C.C.P.

State of Wisconsin }
County of Green Lake }

Sworn and subscribed by me
this 26th day of March 2010.

Notary Public    Expire date
                 April 22, 2012

–6–